IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MISSISSIPPI ASSOCIATION OF HEALTH PLANS, INC.**            **PLAINTIFF**

**V.**            **CAUSE NO. 3:24-cv-379-HTW-LGI**

**MIKE CHANEY, IN HIS OFFICIAL**            **DEFENDANT**
**CAPACITY AS COMMISSIONER OF**
**INSURANCE OF MISSISSIPPI**

---

## MISSISSIPPI ASSOCIATION OF HEALH PLANS, INC.'S MOTION FOR PRELIMINARY INJUNCTION

---

The Mississippi Association of Health Plans, Inc. ("MAHP") moves for a preliminary injunction to prohibit Defendant Mike Chaney, in his official capacity as Commissioner of Insurance of Mississippi (the "Commissioner"), from exercising his statutory or regulatory authority to enforce or implement the provisions of House Bill 1489. In support, MAHP relies on its accompanying memorandum brief, exhibits attached to this motion, and any additional evidence offered at the hearing on this matter, and states as follows:

1. The preliminary injunction standard is familiar: a movant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the injunction is in the public interest. *McRorey v. Garland*, 99 F.4th 831, 836 (5th Cir. 2024) (citing *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017)). These factors weigh in favor of granting an injunction in this case.

2. MAHP seeks declaratory relief, finding that House Bill 1489 is unconstitutional because it (1) impairs existing policies and contracts of insurance, in violation of the Article I,

1

Section 10 of the U.S. Constitution; and (2) lacks sufficient definiteness to give due notice of what is required to be covered and to avoid arbitrary and discriminatory enforcement, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

3. MAHP is substantially likely to succeed on its claims. Section 2 of House Bill 1489 substantially impairs existing policies and contracts of insurance between MAHP's members and insureds. There is no significant or legitimate public purpose for Section 2, which was designed to benefit special interests, and Section 2 is not reasonably necessary to achieve any significant and legitimate public purpose.

4. Key provisions of Section 1, in all of their applications, are not clearly defined, do not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and are so standardless that they invite arbitrary enforcement by the Commissioner.

5. MAHP's members face a substantial threat of irreparable harm if the Court does not enjoin the enforcement of House Bill 1489. Because Section 2 imposes increased and potentially unlimited reimbursement obligations on health plans or policies in the middle of a policy year, enforcement on existing policies will result in additional, unexpected and incalculable administrative expenses to implement, and significantly increased claim reimbursement costs. All of these additional costs likely are unrecoverable.

6. Section 1 is unquestionably vague, making it impossible to discern precisely what the legislature intended to be covered and reimbursed. In addition to imposing a significant and costly administrative burden on health insurance companies that will struggle to decipher and implement what may be required of them, the risk is significant that health insurance companies and the Commissioner will disagree, resulting in potentially extensive and expensive examinations

and enforcement actions, including potential fines and penalties, and an unnecessarily protracted policy and premium rate submission and approval process where required.

7. The balancing of equities favors injunctive relief. A preliminary injunction that maintains the status quo harms no one. If the Commissioner is permitted to exercise his broad regulatory powers, MAHP's members face immediate risk of irreparable harm through unexpected, incalculable and likely unrecoverable increased costs of healthcare through Section 2's mandated reimbursement rates imposed for the sole benefit of ambulance service providers, not for the benefit of the state's healthcare system as a whole. Moreover, health insurance companies risk the expense and uncertainty of examinations, enforcement actions and regulatory penalties due to the vagueness of Section 1. These harms significantly outweigh enjoining the Commissioner's enforcement of House Bill 1489 pending this Court's ruling on the merits.

8. A preliminary injunction is in the public interest because it will avoid depriving MAHP's members of their constitutional rights and protections. A preliminary injunction particularly benefits the public interest as emergency medical services are, undoubtedly, vital to the public, and maintaining the status quo pending this Court's decision on the merits will preserve predictable and affordable healthcare coverage in Mississippi in the interim.

9. MAHP requests a hearing on this matter where MAHP will introduce additional evidence, including testimony, in support of this motion. MAHP further reserves the right to supplement its motion.

Accordingly, MAHP requests the Court to enter an order enjoining the Commissioner, until such time as the Court decides MAHP's request for declaratory judgment on the merits, from taking any actions to implement or enforce House Bill 1489, including without limitation:

a) Exercising any authority to disapprove health benefit plans or health insurance policies submitted to him or his office pursuant to Miss. Code Ann. § 83-9-4, on account of purported non-compliance with the Bill;

b) Initiating any examination or investigation or making any determinations that health insurers are in violation of state or federal law on account of purported non-compliance with the Bill, including without limitation, those permitted under Miss. Code Ann. §§ 83-1-51 and 83-5-205;

c) Instituting any enforcement or regulatory action or proceeding permitted under Mississippi law against health insurers on account of purported non-compliance with the Bill, including without limitation, those permitted under Miss. Code Ann. § 83-5-209(6)(c);

d) Issuing any orders against health insurers finding non-compliance with state law on account of purported non-compliance with the Bill, including without limitation, those permitted under Miss. Code Ann. §§ 83-1-51 and 83-5-209(3)(a); and/or

e) Imposing any penalties, sanctions or fines permitted under Mississippi law on or against health insurers on account of purported non-compliance with the Bill, including without limitation, those permitted under Miss. Code Ann. §§ 83-1-51 and 83-9-19.

MAHP requests the Court to grant such other relief, whether in law or in equity, as the Court may deem just and proper following a hearing on this matter.

Dated: July 18, 2024.

    Respectfully Submitted,

    **MISSISSIPPI ASSOCIATION OF HEALTH PLANS, INC**

    By: */s/ James A. McCullough, II*
        One of Its Attorneys

Of Counsel:

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
James A. McCullough II (MSB No. 10175)
jmccullough@brunini.com
L. Kyle Williams (MSB No. 105182)
kyle.williams@brunini.com
Post Office Drawer 119
Jackson, Mississippi 39205
The Pinnacle Building
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Telecopier: (601) 960-6902

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing, which delivered notice of same to all counsel of record. I further certify that I have caused the foregoing to be delivered by hand delivery to the following recipients:

> Mike Chaney, Commissioner of Insurance of Mississippi
> 1001 Woolfolk State Office Building
> 501 N. West Street
> Jackson, Mississippi 39201
>
> Office of Attorney General Lynn Fitch
> 550 High Street, Suite 1200
> Jackson, Mississippi 39201

Dated: July 18, 2024.

*/s/ James A. McCullough, II*
James A. McCullough, II